DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal No. 2012-32 |
| v. | ) | |
| | ) | |
| CWS TOURS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ATTORNEYS:**

**Gretchen Shappert, United States Attorney**
**Joycelyn Hewlett, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
   *For the United States of America,*

**Treston Moore, Esq.**
St. Thomas, U.S.V.I.
   *For CWS Tours, LLC.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the joint motion of the United States and CWS Tours, LLC, to offset the restitution judgment in this matter.

On February 14, 2013, a federal grand jury returned an indictment charging Kyle Coleman ("Coleman") with one count of misconduct or neglect of a ship officer in violation of 18 U.S.C. § 1115 and CWS Tours, LLC, ("CWS") with one count of

misconduct or neglect of a ship owner in violation of 18 U.S.C. § 1115.

On June 10, 2013, CWS entered a guilty plea to a violation of 18 U.S.C. § 1115. On the same date, the United States filed an information in a separate criminal case, Criminal Number 3:13-30, charging Coleman with one count of negligent operation of a vessel in violation of 46 U.S.C. § 2302. Coleman entered a guilty plea to that count on June 10, 2013.

On September 27, 2013, the Court sentenced Coleman and CWS. At that sentencing, the Court ordered Coleman and CWS to pay $1,350,663.18 in restitution, jointly and severally, to the victim, Danielle Haese ("Haese").

Since imposition of the judgments in these cases, Haese filed a civil complaint against Coleman and CWS seeking damages for the injuries Haese suffered as a consequence of the conduct giving rise to the criminal convictions of Coleman and CWS. That civil action is now settled. CWS and the Government now assert that the dollar amount of Haese's civil settlement requires a full offset of the restitution amount imposed by the Court.

Section 3664, Title 18, of the United States Code provides in pertinent part

> (2) Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in--

>    (A) any Federal civil proceeding; and
>
>    (B) any State civil proceeding, to the extent provided by the law of the State.

18 U.S.C. § 3664(j).

Given this statutory provision in the Mandatory Victims Restitution Act ("MVRA"), the parties request an offset of the restitution judgment by the amount of compensatory damages received by the victim in her civil action against Coleman and CWS.

Significantly, that statutory provision in the MVRA provides for an offset contemplating proof of an amount. *See United States v. Parker*, 927 F.3d 374, 382 (5th Cir. 2019) (finding that "the defendant bears the burden of proving an offset under § 3664(j)(2)" including "proving the value of any alleged offset"); *cf. United States v. Bryant*, 655 F.3d 232, 254 (3d Cir. 2011) (finding that, under § 3664(e), it was the defendant's "burden to prove offsets for any legitimate services [the defendant] might have rendered"). As the Court has to ensure that the victim is made whole, it stands to reason that something more than a statement by the defendant and Government ought to be required to establish the amount of the offset. Here, such a statement is the only evidence the Court has before

it. That level of proof is insufficient to reduce a restitution amount.[1]

The premises considered, it is hereby

**ORDERED** that the joint motion to offset the restitution judgment, ECF No. 93, is **DENIED** without prejudice.

                                                  **S\\_____**
                                                       **Curtis V. Gómez**
                                                       **District Judge**

---

[1] While the Court appreciates that the settlement may be confidential, the parties are not without options to apprise the court of the settlement amount. Indeed, a sealed filing with the relevant amount could achieve that objective.